IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL E. GEIGER #577721 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv266 |
| TERESIA COKER, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael E. Geiger, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights lawsuit alleging violations of his constitutional rights. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. Plaintiff did not pay the filing fee for this case and seeks to proceed *in forma pauperis*.

**I. Plaintiff's Complaint**

Plaintiff sues Anderson County District Clerk Teresia Coker and Deputy Clerk Teresa Wadall for discriminating against him based on his status as a prisoner and violating his right of access to the courts. (Dkt. #1 at 3; Dkt. #1-1.) Specifically, he complains that they refused to process a "criminal complaint" he filed in the Anderson County District Court in 2019 because he is incarcerated. (Dkt. #1 at 4.) According to documentation attached to his complaint, Defendants received paperwork from Plaintiff and forwarded it to the TDCJ's Office of Inspector General – Investigation Division on July 3, 2019, rather than filing it as a new legal case in court. (Dkt. #1-1.)

Although Plaintiff submitted his claim on a form for prisoner civil rights lawsuits pursuant to 42 U.S.C. § 1983, he crossed out reference to that statute on the form and purports to bring his case under 18 U.S.C. §§ 242–245. (Dkt. #1 at 1.) Of those, the only statute that is arguably relevant to Plaintiff's allegations is Section 242, which makes it a federal crime punishable by fine or imprisonment to deprive any person of his constitutional rights under color of law. But Section 242 is a criminal statute, which Plaintiff is not authorized to enforce. That authority is held by the United States Attorney, as another federal district court in Texas has previously explained:

> As previously stated in prior orders dismissing Menefee's causes of action, or denying his requests to file criminal charges, he is a private citizen and may not prosecute individuals for alleged violations of the criminal law. The prosecution of an action under 18 U.S.C. § 242 lies solely within the discretion of the Office of the United States Attorney General, leaving plaintiffs with no private right of action under that statute. *Hood v. Pope*, No. H-14-1665, 2015 WL 225042, at * 4 (S.D. Tex. Jan. 15, 2015); *Brumbaugh v. Rehnquist*, 2001 WL 376477, at *2 (N.D. Tex. Apr. 13, 2001). For that reason, Plaintiff cannot state a claim under 18 U.S.C. § 242, and his attempt to do so here, should be dismissed under Rule 12(b)(6).

*Menefee v. Houston Police Dep't*, No. 4:14-CV-01705, 2016 WL 3093131, at *4 (S.D. Tex. May 11, 2016), *report and recommendation adopted*, No. CV H-14-1705, 2016 WL 3077487 (S.D. Tex. May 31, 2016). The Court therefore liberally construes Plaintiff's complaint as having been brought under Section 1983, which provides a private cause of action for redress of constitutional violations.

Notably, Plaintiff responds "N/A" to the questions on his form complaint asking whether he has ever filed other lawsuits in state or federal court relating to his imprisonment and whether he has been sanctioned by any court as a result of any lawsuit. (Dkt. #1 at 3, 4.) In response to the question about whether any court has ever warned or notified him that sanctions could be imposed, Plaintiff answers "No." (*Id.* at 5.)

**II. Discussion and Analysis**

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has already accumulated at least three strikes for the purposes of this statute. Order of Dismissal at 1–2, *Geiger v. Hampel*, No. 1:18-cv-00317-RP (W.D. Tex. Apr. 19, 2018) (observing that "Plaintiff has filed at least three civil actions or appeals that have been dismissed as frivolous, malicious or for failure to state a claim" and collecting cases).

Accordingly, Plaintiff has repeatedly had lawsuits dismissed pursuant to the bar of Section 1915(g). *See id.* ("It is therefore ordered that Plaintiff is denied leave to proceed *in forma pauperis*, and his complaint is dismissed without prejudice pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g)); Order, *Geiger v. TDCJ*, No. 5:10-cv-00051-C (N.D. Tex. Jun. 1, 2010) ("Plaintiff has previously been barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. . . . It is, therefore, ordered that Plaintiff's civil rights complaint is dismissed pursuant to the three-strikes provision of 28 U.S.C. § 1915."). In fact, Plaintiff was informed as early as 2005 that the Section 1915(g) sanction applied to him because of his litigation history to that point. *See* Order of Dismissal, *Geiger v. Prior*, No. 2:02-cv-00200-J (N.D. Tex. Jan. 10, 2005) (revoking Plaintiff's *in forma pauperis* status and dismissing without prejudice pursuant to Section 1915(g)). His refusal to answer questions on the complaint form about his litigation history and his denial of

having been warned that he is subject to sanctions are an obvious attempt to evade the application of Section 1915(g) in this Court.

To meet the imminent danger requirement of Section 1915(g), the threat of serious physical injury must be "real and proximate." *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*…."). Moreover, to establish an imminent danger for the purpose of Section 1915(g), a plaintiff's factual allegations must "not [be] fanciful, fantastic, or delusional." *Jones v. Hutto*, No. 3:19-CV-1359-N-BN, 2019 WL 3307068, at *2 (N.D. Tex. June 11, 2019), *report and recommendation adopted*, No. 3:19-CV-1359-N, 2019 WL 3304791 (N.D. Tex. July 23, 2019).

Plaintiff's claim about an alleged denial of access to courts more than three years ago clearly does not satisfy that standard. The Court should therefore bar Plaintiff from proceeding *in forma pauperis* in this case.

## RECOMMENDATION

The Court should accordingly deny Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and summarily dismiss this action unless, within fifteen (15) days,

Plaintiff pays the full filing fee of $402.00. The dismissal should be with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to the refiling of this lawsuit upon payment of the full $402 filing fee.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 19th day of July, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE